UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOR WATER AGENCY,<br><br>        Plaintiff,<br><br>  v.<br><br>KENNETH PERANO, as trustee of the ERNEST W. PERANO EXEMPTION TRUST UAD 09-02-92; MARLENE A. PERANO, KENNETH J. PERANO and DEAN A. PERANO, as co-trustees of THE ERNEST AND MARLENE PERANO TRUST, UAD 09-02-02; DOES 1-100, inclusive; and All Persons Unknown Claiming an Interest in the Property Described in the Complaint<br><br>        Defendants. | 2:06-CV-0689-MCE-GGH<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

Plaintiff Amador Water Agency ("Plaintiff") has submitted an Ex Parte Application asking this Court to summarily remand the present action to state court pursuant to 28 U.S.C. section 1446, subdivision (c)(4).

///

1

Defendants Kenneth Perano, Marlene A. Perano and Dean A. Perano, as trustees of the Ernest W. Perano Exemption Trust and the Ernest and Marlene Perano Trust (collectively, "Defendants") oppose Plaintiff's motion.[1]

By a Notice of Removal filed March 30, 2006, Defendants removed this action to this Court from the Superior Court of California, County of Amador.  Defendants aver that federal question jurisdiction exists because the resolution of the underlying property dispute is defined by a boundary originally drawn pursuant to a federal land patent.  Conversely, Plaintiff argues that assessment of the physical location of that boundary does not raise any federal question.  This Court agrees with Plaintiff.

The Ninth Circuit has spoken expressly to this question and clarified that property disputes involving federal land patents do not confer federal question jurisdiction. *See Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000).  The United States has no continuing interest in property acquired through federal land patents. *Id.* (citing *Landi v. Phelps*, 740 F.2d 710, 713-714 (9th Cir. 1984).  Indeed, a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress. *Id.* (citing *Hilegfore v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985)(per curiam).
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

Defendants' argument that the facts of the present action are distinguishable from the foregoing binding precedent is unpersuasive. The property dispute here is a matter of local property law to be vindicated in the local courts. Accordingly, the Court remands this case to the state court for further proceedings.

IT IS SO ORDERED.

DATED: April 4, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE